IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )
BRIAN S. & PAULA J. WINTERS,     )      CASE NO. BK09-43374-TJM
                                 )
            Debtor(s).           )      CH. 13

## ORDER

Hearing was held in Lincoln, Nebraska, on March 3, 2010, on Wells Fargo Bank, N.A.'s motion for relief from stay (Fil. #15) and objection by the debtors (Fil. #22), and on the debtors' motion to avoid the lien of Wells Fargo Auto Finance (Fil. #23) and resistance by Wells Fargo (Fil. #25). Paul W. Rea appeared for the debtors, and Matthew E. Eck appeared for Wells Fargo Bank.

As explained in more detail below, the debtors' motion to avoid the lien is granted. The motion for relief from the stay is denied.

The debtors own a 2000 Honda Civic car in which Wells Fargo Bank holds a perfected nonpossessory nonpurchase-money security interest. The debtors want to avoid that lien. The issue is whether they may use more than one exemption in the vehicle to protect as much of the value as possible. After considering the parties' arguments, the statutory language, and the extant caselaw, I find that debtors may use any exemptions to which they are entitled to protect the value of the asset at issue. This is in contrast to the holding of In re Vasina, 337 B.R. 684 (Bankr. D. Neb. 2006); accordingly, Vasina is overruled insofar as it limits the debtors' use of the "wildcard" or other exemptions to which they are entitled.

Under 11 U.S.C. § 522(f)(1)(B)[1], debtors may avoid the fixing of a lien on the debtor's interest in property to the extent that such a lien impairs an exemption to which the debtor would

---

[1]That section provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
> . . .
>   (B) a nonpossessory, nonpurchase-money security interest in any —
>     (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>     (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>     (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

have been entitled. The calculation is explained in § 522(f)(2)(A):

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The vehicle's classification as a tool of a trade is not in dispute. The sole issue is whether debtors may use more than a tool-of-the-trade exemption to avoid a lien on such an asset.

The determination of whether a debtor may avoid a lien under § 522(f) involves a two-step analysis: first, the court must determine whether the debtor is entitled to the claimed exemption, and second, it must determine whether the lien impairs that exemption. Owen v. Owen, 500 U.S. 305, 312-13 (1991).

In the present case, the debtors claimed an exemption in the automobile's value of $2,400.00 under Neb. Rev. Stat. § 25-1556(4) (the exemption for tools of the trade) and an exemption of $2,400.00 under Neb. Rev. Stat. § 25-1552 (the personal property or "wildcard" exemption). They valued the vehicle at $4,800.00. No argument has been raised concerning the debtors' ability to claim both exemptions in the vehicle, so each exemption is "an exemption to which the debtor would have been entitled" for purposes of § 522(f)(1). The weight of the reported caselaw on permitting multiple exemptions to be considered when deciding whether a lien should be avoided favors the debtors' position. See, e.g., Augustine v. U.S., 675 F.2d 582 (3d Cir. 1982) (holding that debtors may stack exemptions to increase the extent to which a lien may be avoided); In re Kieffer, 279 B.R. 290 (Bankr. D. Kan. 2002) (same); In re Larson, 260 B.R. 174 (Bankr. D. Colo. 2001) (same); In re Busby, Case No. 00-20283M, 2001 WL 34106898 (Bankr. E.D. Ark. Mar. 9, 2001) (same); In re Ambrose, 179 B.R. 982 (Bankr. S.D. Ga. 1995) (same); In re Ackerman, Case No. 94-21846KD, 1995 WL 916986 (Bankr. N.D. Iowa Apr. 12, 1995) (same).

Allowing more than one exemption to be claimed, up to the value of the asset, is in line with the bankruptcy goal of providing debtors with a fresh start, as well as the long-established Nebraska doctrine that exemption laws should be liberally construed in the debtor's favor. Farmers' & Merchants' Bank v. Hoffman, 96 N.W. 1044 (Neb. 1903). Bankruptcy and appellate courts have reached the same conclusion. See Augustine, 675 F.2d at 586 ("Nothing in Section 522 suggests a distinction that would prohibit aggregation for purposes of lien avoidance while permitting it for exemption purposes."), accord Nazarene Fed. Credit Union v. McNutt (In re McNutt), 87 B.R. 84, 88 (B.A.P. 9th Cir. 1988); Cleaver v. Warford (In re Cleaver), 407 B.R. 354, 359 (B.A.P. 8th Cir. 2009) (stating the statutory language "does not require the exemption to be a 'tool of the trade' exemption specifically, but rather *any* exemption under subsection (b) to which the debtor would have been entitled"); Middleton v. Farmers St. Bank of Fosston (In re Middleton), 45 B.R. 744, 748 (Bankr. D. Minn. 1985) ("There is no cogent reason for interpreting federal statutes narrowly to exclude the incorporation of substantive rights granted by state law.").

Before it can be determined whether and to what extent the bank's lien may be avoided, the value of the debtors' interest in the property must be ascertained. According to the evidence admitted at the hearing, the debtors searched on-line for similar vehicles offered for sale in a limited price range, finding them to have list prices between $4,950.00 and $5,800.00, and concluded that because the debtors typically are successful at "haggling" for a reduced price on a vehicle, $4,800.00 is a fair estimation of the car's value as of the confirmation date. The bank's appraiser personally inspected the vehicle and concluded, with reference to the N.A.D.A. Official Used Car Guide, that an average-condition, low-mileage car like the debtors' would be worth $6,750.00 in the retail market. Because the opinion rendered on behalf of the bank is based on the debtors' actual car, rather than different models with varying conditions, mileage, and accessories as in the debtors' on-line search, and because the applicable value pursuant to Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997), is replacement value, I find the car's value to be $6,750.00.

Accordingly, the sum of the lien of $6,750.00 plus the exemptions of $4,800.00 exceeds the value of the debtors' interest in the vehicle absent any liens by $4,800.00, which is avoidable. However, the debtors state in their affidavit that they have $1,642.00 in unused personal property exemptions which could be claimed in the vehicle and applied to the lien avoidance analysis. That would render all but $308 of the bank's lien avoided. The debtors will be given an opportunity to amend their Schedule C to claim the additional amount, and to amend their plan if necessary to deal with the remainder of the bank's claim.

The result of this discussion is that the debtors' motion to avoid Wells Fargo's lien is granted to the extent of the applicable exemptions; debtors may use all of the exemptions to which they are entitled to avoid a lien under § 522(f)(1)(B); to the extent this court's decision in In re Vasina is to the contrary, it is overruled; the debtors may amend their schedule of exemptions and their plan; and the bank's motion for relief from stay is denied.

IT IS ORDERED: Wells Fargo Bank, N.A.'s motion for relief from stay (Fil. #15) is denied. The debtors' motion to avoid the lien of Wells Fargo Auto Finance (Fil. #23) is granted to the extent of the debtors' applicable tool of the trade and personal property exemptions. The vehicle's value is $6,750.00. The debtors may file an amended Schedule C by April 1, 2010.

DATED:      March 17, 2010

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
    *Paul W. Rea
    *Matthew E. Eck
    Kathleen A. Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.